# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFAYETTE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1120 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| ATTORNEY DAVID C. MARTIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff, Lafayette Brown ("Brown" or "Plaintiff"), apparently has been receiving payments pursuant to the Pennsylvania Workers' Compensation Act since an injury he sustained in 1977. Plaintiff alleges that he was referred to Attorney David C. Martin, Jr. by Dr. Iannuzzi, and signed a contract with Martin for representation in 1995. Attorney Martin apparently obtained an increase in benefits for Brown, who now asserts that Martin, in reality, accepted a bribe from the City of Pittsburgh. Plaintiff asserts that he wants this Court to "set the record straight so that I can get the proper medical care without the City of Pgh having anything to do with my care . . .." Brown also asserts that Attorney Martin is still receiving 20% of his "monthly check." Brown states that he challenged this payment in the state courts, but the state courts dismissed his case. (Doc.23)

Brown moved to proceed *in forma pauperis* (Doc. 1) and that motion was granted .

**A. Applicable Law.**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir.2002)(affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir.2002)(affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable. As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at _, 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

B. **Analysis**

As with the related case against another attorney who represented Mr. Brown in his Workers' Compensation proceedings (Civil Action No. 08-1119), the undersigned cannot imagine a possible basis for federal jurisdiction in this matter. Mr. Brown's complaints concern a privately-retained attorney's conduct during civil proceedings in the state courts. At most, Brown has alleged that his counsel did not provide competent representation. There is not a hint of any federal claim in the complaint, and it should be dismissed for lack of jurisdiction.

### III  CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 11, 2008.

August 25, 2008                    s/Cathy Bissoon
                                   Cathy Bissoon
                                   United States Magistrate Judge


cc:
LAFAYETTE BROWN
2656 Leland Street
Pittsburgh, PA 15214